UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY TAYLOR,<br><br>            Plaintiff,<br><br>      v.<br><br>CONNIE GIPSON, et al.,<br><br>            Defendants. | Case No. 21-cv-00055-JD<br><br>**ORDER RE DISMISSAL**<br>Re: Dkt. Nos. 23, 24 |

Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. The amended complaint was dismissed with leave to amend and plaintiff has filed a second amended complaint.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above

the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that prison officials have interfered with his ability to practice his religion. Section 3 of the Religious Land Use and Institutionalized Persons Act ("RLUIPA") provides: "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 [which includes state prisons, state psychiatric hospitals, and local jails], even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a). The statute applies "in any case" in which "the substantial burden is imposed in a program or activity that receives Federal financial assistance." 42 U.S.C. § 2000cc-1(b)(1). RLUIPA also includes an express private cause of action that is taken from RFRA: "A person may assert a violation of [RLUIPA] as a claim or defense in a judicial proceeding and obtain appropriate relief against a government." 42 U.S.C. § 2000cc-2(a); cf. § 2000bb-1(c). For purposes of this provision, "government" includes, inter alia, states, counties, municipalities, their instrumentalities and officers, and "any other person acting under color of state law." 42 U.S.C. § 2000cc-5(4)(A).

To establish a free exercise violation, a prisoner must show a defendant burdened the practice of his religion without any justification reasonably related to legitimate penological

2

interests. *See Shakur v. Schriro*, 514 F.3d 878, 883-84 (9th Cir. 2008). A prisoner is not required to objectively show that a central tenet of his faith is burdened by a prison regulation to raise a viable claim under the Free Exercise Clause. *Id*. at 884-85. Rather, the test of whether the prisoner's belief is "sincerely held" and "rooted in religious belief" determines the Free Exercise Clause inquiry. *Id*. (finding district court impermissibly focused on whether consuming halal meat is required of Muslims as a central tenet of Islam, rather than on whether plaintiff sincerely believed eating kosher meat is consistent with his faith). The prisoner must show that the religious practice at issue satisfies two criteria: (1) the proffered belief must be sincerely held and (2) the claim must be rooted in religious belief, not in purely secular philosophical concerns. *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994) (cited with approval in *Shakur*, 514 F.3d at 884).

Plaintiff professes to be an adherent of "Thelema" and expresses his beliefs through consumption of tobacco products. Plaintiff originally alleged that the California Department of Corrections and Rehabilitation ("CDCR") and Salinas Valley State Prison ("SVSP") officials had prevented him from purchasing or receiving tobacco products which had interfered with his ability to practice his beliefs. He sought injunctive relief and money damages.

The amended complaint was dismissed with leave to amend to provide more information about defendants' conduct. The defendants named were Gipson, CDCR Director of Prisons and Atchley, Warden of SVSP. Plaintiff stated that Gipson implemented a policy that prevented plaintiff from obtaining proper tobacco. He alleged that Atchley denied his request to obtain tobacco in an appeal response. But plaintiff also said that a higher level of appeal was granted and stated that tobacco could be approved by the Religious Review Committee. Plaintiff said that he never heard from the Religious Review Committee, but it is not clear what actions he took to obtain an approval by the committee.

A review of plaintiff's exhibits indicated that he had also sought relief in state court. Dkt. No. 17 at 21. On October 12, 2017, the Del Norte County Superior Court ordered that SVSP make tobacco available to plaintiff for his religious needs. Dkt. No. 17 at 21. The court noted that there was no support for plaintiff's request to have ten pounds of tobacco available in his cell. *Id*. It appeared that, as with other inmates at SVSP who require tobacco for religious purposes,

3

plaintiff was to be provided an herb mix containing 1% tobacco for outdoor use. *Id*.

For the second amended complaint, plaintiff was directed to provide more information about how his rights had been violated by defendants and why the order providing the herb mix containing tobacco was not sufficient, or not followed by prison officials. It was noted that it did not appear that the named defendants were personally involved. Gipson implemented a tobacco policy, which had exceptions for religious purposes. Atchley appeared to have denied an inmate appeal. Plaintiff was advised that there is no constitutional right to a prison administrative appeal or grievance system. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). To the extent that these defendants or other defendants such as members of the Religious Review Committee had failed to comply with the Del Norte Superior Court order, plaintiff had failed to identify such defendants and describe what occurred. Plaintiff was also directed to state why he had not sought relief in Del Norte Superior Court, if that court's order had not been followed.

The second amended complaint again fails to state a claim for relief. The defendants are Gipson, CDCR Director of Prisons and Atchley, Warden of SVSP. Plaintiff reports that his concerns about the use of tobacco products were resolved in the Del Norte Superior Court. Dkt. No. 22 at 3. What, if any, claims remain is not clear. He states that CDCR violated state law by failing to provide exceptions to the CDCR tobacco ban for religious reasons. *Id*. at 5. Yet, plaintiff notes that due to his state court litigation, CDCR adopted emergency regulations to provide for a religious exemption through approved vendors. *Id*. Plaintiff says that none of the approved vendors sell tobacco products, but he already stated that this action does not concern the use of tobacco products because that has been resolved.

To the extent that plaintiff seeks an order allowing him to obtain tobacco products from unapproved vendors, he should seek relief in his state court cases. He already has a case against the same defendants involving the same subject matter, and so cannot seek relief in this Court. The federal courts have traditionally adhered to the related doctrines of res judicata and collateral estoppel. *See Allen v. McCurry*, 449 U.S. 90, 94 (1980). Under res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action. *See Montana v. United States*, 440 U.S. 147, 153 (1979). Under collateral estoppel, once an issue is

4

actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation. *See id.*[1]

To the extent the state court denied this claim and plaintiff seeks relief in this Court, he may not go forward. Under *Rooker-Feldman*, lower federal courts are without subject matter jurisdiction to review state court decisions, and state court litigants may therefore only obtain federal review by filing a petition for a writ of certiorari in the Supreme Court of the United States. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). For all these reasons, plaintiff fails to state a claim for relief. Because plaintiff has already been provided multiple opportunities to amend and further amendment would be futile, this action is dismissed without leave to amend.

## CONCLUSION

1. Plaintiff's motions for the Court to review his second amended complaint (Dkt. Nos. 23, 24) are **GRANTED**. This action is **DISMISSED** with prejudice for failure to state a claim.

2. The Clerk is requested to close this case.

**IT IS SO ORDERED.**

Dated: August 11, 2021

JAMES DONATO
United States District Judge

---

[1] Although res judicata has traditionally been referred to as "claim preclusion," and collateral estoppel as "issue preclusion," *see Allen*, 449 U.S. at 94 & n.5, the Supreme Court clarified in *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008), that claim preclusion and issue preclusion are now collectively referred to as "res judicata."